# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Theodore W. Smith, III.., | : | |
| | : | Case No. 3:21-cv-1421 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Clay |
| Ohio Department of Rehabilitation and Corrections, et al., | : | |
| | : | |
| Defendants. | | |

---

## DEFENDANTS' MOTION TO DISMISS

---

Pursuant to Civil Rules 12(B)(6) and 12(B)(1), Defendants, by and through counsel, respectfully moves this Court to dismiss Plaintiff Smith's Complaint for failure to state a claim upon which relief may be granted. A Memorandum in Support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ William J. Case
WILLIAM J. CASE (0090684)
ADAM J. BECKLER (0101151)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 728-8445/F: (844) 255-4358
William.Case@OhioAGO.gov
Adam.Beckler@OhioAGO.gov

Attorneys for Defendants

## I.      INTRODUCTION

Plaintiff Theodore Smith, III. #A588-608 ("Plaintiff"), is an inmate at Toledo Correctional Institution. On July 23, 2021, Plaintiff filed a 92 page complaint that consisted largely of sections of illegible handwriting. Doc. #: 1. The named Defendants in that case were Warden May, DWO Walters, IIS Jenkins, C.O. Peppers, C.O. Cutlip, Lt. Rockenbough, Lt. Weirich, Medical Supervisor Segur, Lt. Ford, Sgt. Klavenger, C.O. Logon, C.O. Hilton, LPN A. Showman, LPN C. Klocineld, and Chief Inspector Doe. *Id.* On December 29, 2021, Defense Counsel filed a Motion for More Definite Statement, as the original complaint is incomprehensible. Doc. #: 9. On January 5, 2022, the Court granted that motion and order Plaintiff to comply with the request for the filing of a More Definite Statement. On January 18, 2022, Plaintiff filed a "Supplement" to the Complaint (Definite Statement). Doc. #: 13. In this filing, Plaintiff brings claims against the above Defendants under 42 U.S.C. §1983 to redress what he alleges to consist of violations of his First, Eight, and Fourteenth Amendment Constitutional Rights. Doc. #: 13, PageID #: 209-210. He specifically bases his claim on "retaliation and/or campaign of harassment" from March 16, 2020 until February 16, 2021 in response to what he states was successful civil litigation against an unnamed ODRC Corrections Officer in an excessive use of force lawsuit. Id.

Plaintiff alleges this began on March 12, 2020 following an arbitration teleconference next to Sgt. Klavenger's office, in which Plaintiff alleges he "realized, by the look on Sgt. Klavenger's face, that he had overheard most if not all of the arbitration process." *Id*. He further alleges that the look warned him the issues were not resolved. *Id*.  The plaintiff then went on to allege a series of unrelated events that appear to cause him inconvenience throughout the next 11 months in his facility. He alleges that on March 31, 2020 he got into a mutual combat with a fellow inmate name White, who then received no write-ups following the alleged combat. *Id*. PageID #: 212-213. He

does not dispute that he punched inmate White nor that he was guilty of a Rules Infraction, simply that he believes Peppers and Cutlip used inmate White to start a fight with him with no basis for proving that and no attachments of RIB paperwork to his complaint. *Id.*

Although his handwriting and organization is very difficult to decipher, it appears that he alleges a later theft of Commissary items in October of 2020 from another inmate, although he provides no receipts for the Commissary nor the September of 2020 RIB hearing paperwork that he claims he was unable to attend in his complaint. *Id.* He also alleges that he was not allowed to submit grievances for any of the activity and that Warden May, Walters, and Jenkins failed by not providing him a copy of the ODRC Chief Inspector memorandum changing the grievance policy to electronic filing rather than paper filing. *Id.* Page ID #: 216-217.

Plaintiff's next claim appears to be a kite to Defendant Segur in October of 2020 over cold food and nutrition concerns, despite the Plaintiff including no kites as attachments to his complaint. PageID #: 217-218. He alleges a violation of his 8th Amendment Constitutional Right, however does not connect or explain how it is as such. He then goes on to cite a multiple incidents where Corrections Officers deployed pepper spray into his eyes, once after he allegedly kicked an officer and another after he allegedly was preparing to spit on an officer. PageID #: 218-221. He alleges that the involved officers falsified their reports and had violated his 8th Amendment Constitutional Rights, although providing no legal background or the reports themselves to be connected to the incident. Id. Finally, he alleges that the nurse who saw him after his most recent pepper spray incident (Defendant Klocineld) got no closer than 8 feet from him and falsified her medical report, violating his 8th Amendment Constitutional Rights. *Id.* PageID #:222-223. He provides no legal basis for his argument, nor the medical report.

Plaintiff's claims in their entirety fail. First, he shows no individual involvement in any of claims by Warden May, DWO Walters, Lt. Weirich, Medical Supervisor Segur, C.O. Logon, C.O. Hilton, LPN A. Showman, and Chief Inspector Doe, and Respondeat Superior claims are not actionable under this statute. Additionally, Plaintiff fails to show any causal connection between the Defendant's protected action and motivation from any Defendant in order to prove his overarching retaliation claims. Additionally, each Defendant is entitled to Qualified Immunity in this action. Finally, the Plaintiff's claims fail to meet the bar to state a claim required by Fed. R. Civ. P. 8 in that his complaint is a disorganized clutter of naked assertions devoid of further factual enhancement in which he continual throws out First, Eighth, and Fourteenth Amendment allegations in blanket fashion with no legal explanation. As such, the amended complaint should be dismissed in its entirety.

## II.     LAW AND ARGUMENT

### a.     Legal Standard—Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Therefore, a plaintiff's obligation to provide the grounds for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible." *Id.* At 570.

In expanding upon *Twombly's* "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, while the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Accordingly, although factual allegations are to be accepted as true, a court does not have to accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. In the context of civil rights actions, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bey v. Rutter,* 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996)). Therefore, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

A successful claim under 42 U.S.C. § 1983 must identify a right secured by federal law and the deprivation of that right by a person acting under color of state law. *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir. 1992); *Mackey v. Cleveland State Univ.,* 837 F. Supp. 1396, 1402 (N.D. Ohio 1993). To establish liability under § 1983, a plaintiff must plead that a defendant is personally responsible for the unconstitutional actions which injured him. *Balderson*

*v. Mohr*, No. 2:12-CV235, 2012 U.S. Dist. LEXIS 60567, at *2 (S.D. Ohio May 1, 2012); see also *Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). The collective acts of multiple defendants cannot be ascribed to an individual defendant; the plaintiff must state a plausible constitutional violation against each defendant. *See Reilly v. Vadlamudi*, No. 11-1251, 2012 U.S. App. LEXIS 10614, at *10 (6th Cir. 2012) (citing *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976))).

> **b.  Any of Plaintiff's claims based solely on Respondeat Superior are not actionable.**

Plaintiff's Claims against Defendant May fail because they amount to no more than an attempt to find liability under the doctrine of respondeat superior. It is well established that a supervisory official cannot be held liable under Section 1983 for the actions of subordinates on the basis of a respondeat superior theory. See *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978). "[T]he § 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson Cnty.*, 668 F.2d 869 (6th Cir. 1982)).

6

"Because vicarious liability is inapplicable to… § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  In other words, "each Government official… is only liable for his or her own misconduct." *Id*. at 677. "In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury." *Mills v. City of Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004). That is, there must be a showing that the supervisory official encouraged the conduct or directly participated in it. *Bellamy*, 729 F.2d at 421; see also *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Further, "[s]upervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

### c.    Plaintiff fails to properly plead a plausible claim against Defendants Warden May, DWO Walters, Lt. Weirich, Medical Supervisor Segur, C.O. Logon, C.O. Hilton, LPN A. Showman, and Chief Inspector Doe because he alleges no personal involvement by each Defendant.

To state a plausible claim under § 1983, a plaintiff must provide factual allegations that each defendant violated his or her rights. *France v. Lucas*, 836 F.3d 612, 625 (6th Cir, 2016). In his complaint, Plaintiff alleges that all of these Defendants acted in retaliation without giving any specific actions of each of these Defendants. Without any factual support, Plaintiff surmises that these Defendants violated his First, Eight, and Fourteenth Amendment rights, but there are no facts presented to support this allegation. (Doc. 1).

As stated previously, the doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisory officials. See *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). "[T]he § 1983 liability of supervisory personnel must be based on more than the right to control

7

employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Even if Plaintiff can show a violation of his constitutional rights, liability will not be imputed on supervisory personnel unless an official "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421. Moreover, liability under § 1983 "cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).

At best, Plaintiff is asserting a negligence claim against any of these Defendants for lack of proper supervision and passive behavior. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of care arising out of tort law." *Baker v McCollan*, 443 U.S. 137, 145-46 (1979). In other words, remedies for state tort law, like negligence, "must be sought in state court under traditional tort-law principles." *Id*. at 146. "Our Constitution… does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). The Supreme Court has long rejected attempts to "make the Fourteenth Amendment a font of tort law[.]" *Id*, citing, *Paul v. Davis*, 424 U.S. 693, 701 (1976). The Sixth Circuit has explained that federal courts should refrain from "blurring the lines between the state court's enforcement of their tort laws and the federal courts' enforcement of the Constitution." *Leary v. Livingston*, 528 F.3d 438, 445 (6th Cir. 2008).

### d.   Plaintiff fails to state a plausible claim of Retaliation against any Defendant.

To state a plausible retaliation claim against any of the Defendants, Plaintiff must allege facts showing (1) that he was engaged in constitutionally protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the

adverse action was motivated by his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Moreover, Plaintiff must allege with factual allegations that the exercise of the protected right was a substantial or motivating factor in the Defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's complaint comes nowhere close to alleging facts sufficient to state a retaliation cause of action against any of the Defendants. The only link that Plaintiff attempts to establish is a "look" on Defendant Klevinger's face after he assumes that he overheard an arbitration conference that went in Plaintiff's favor in a suit for excessive use of force. In his complaint, Plaintiff makes no attempt to allege facts that tie any other Defendant into his retaliation claim.

Plaintiff's complaint must state plausible factual allegations as to all the elements of his retaliation claim, and it is not enough for Plaintiff to allege, in a conclusory fashion, that the Defendants acted with retaliatory motive allegedly taking adverse action against him. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) ("[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state… a claim under 1983.'"); *Lewis v. Jarvie*, 20 F. Ap'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on defendants' part are not enough to establish retaliation claims[.]"); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987) ("[A]lleging merely the ultimate fact of retaliation is insufficient"). "Claims of retaliation by prisoners must 'be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

The complaint fails to state anything but conclusory facts regarding any of the Defendants. Thus, "[w]here a complaint pleads facts that are merely consistent with 'a defendant's liability, it

'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

e.       **Each of the Defendants are protected by Qualified Immunity.**

Qualified immunity protects the Defendants from this lawsuit.   Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity not only protects government officials from individual liability for money damages, but from the burdens and expenses of litigation and trial. *Saucier v. Katz*, 533 U.S. 194, 200–201 (2001). The doctrine of qualified immunity is intended to balance the following competing interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). More specifically, "[q]ualified immunity exists to give public officials breathing room to make close call when the issue is not black-and-white." *Sumpter v. Wayne Cty.*, 868 F.3d 473, 488 (6th Cir. 2017). Qualified immunity itself "'gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)); see also *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008). "If officials of reasonable competence objectively could disagree on the law, immunity should be recognized." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Mumford v. Zieba*, 4 F.3d 429, 432 (6th Cir. 1993)).

Once raised by a defendant, the plaintiff "bears the ultimate burden of proof to show that [government officials] are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468

F. App'x 491, 494 (6th Cir. 2012) (quoting *Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005). The plaintiff must satisfy a two-pronged analysis: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right, and (2) if a violation could be made out on a favorable view of the parties' submission, was the right clearly established at the time of the injury. Saucier, 533 U.S. at 201. In its discretion, the court may initially address either of these questions in light of the circumstances of the particular case before it in resolving an officer's qualified immunity claim. *Pearson*, 555 U.S. at 236–37.

When determining whether a right is "clearly established" for purposes of the qualified immunity determination, the Court must ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202. This question must be answered "in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*, 533 U.S. at 201). However, a right is clearly established when "every reasonable official would [have understood] that what he is doing violates that right." *Reichie v. Howards*, 132 S.Ct. 2088, 2093 (2012). Thus, for a right to be "clearly established… [the] existing precedent must have placed the statutory or constitutional right question beyond debate." *Ashcroft v. al-Kid*, 563 U.S. 731, 741 (2011). To overcome a qualified immunity defense, "there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitely unlawful." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). According to the Supreme Court, "[t]his inquiry must be undertaken in light of the specific context of the case, not a broad general proposition." *Id*. "Otherwise, plaintiffs would be able to convert the rule of qualified immunity

into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *White v. Pauly*, 137 S.Ct. 548, 552 (2017).

On this same note, the Supreme Court has indicated that "courts should ordinarily defer to [correctional officers'] expert judgment in such matters." *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012). See also *Sumpter*, 868 F.3d at 480; *Marcum v. Jones*, 2009 U.S. Dist. LEXIS 91642, *9 (S.D. Ohio 2009). "Especially in the context of prison security, we cannot—and do not—require public officials to be perfect in their assessments." *Aref v. Lynch*, 833 F.3d 242, 268 (D.C. Cir. 2016). Even assuming that the other named Defendants conducted the acts alleged in the complaint, there is no factual allegations that Defendant Mohr was aware of their alleged—ludicrous—conspiracy or knew of any of the alleged underlying facts. Plaintiff only alleges that Director Mohr denied his appeals. Such allegedly passive conduct by Director Mohr fails to state a plausible claim of deliberate indifference.  "Existing caselaw, in other words, must put the precise question 'beyond debate.'" *Rudlaff v. Gillispie*, 791 F.3d 638, 644 (6th Cir. 2015). Defendants' are entitled to qualified immunity and Plaintiff's complaint should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted, certify that an appeal cannot be taken in good faith, assess all costs to Plaintiff, and award any other relief deemed necessary and just by the Court.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ William J. Case
WILLIAM J. CASE (0090684)
ADAM J. BECKLER (0101151)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 728-8445/F: (844) 255-4358
William.Case@OhioAGO.gov
Adam.Beckler@OhioAGO.gov

Attorneys for Defendants


# CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Motion To Dismiss* was filed electronically

in the Court's ECF system on February 1, 2022, and was sent by regular, first-class mail to:

Theodore Smith, III.., #A588-608
Toledo Correctional Institution
2001 E. Central Ave.
Toledo, Ohio 43608


*/s/William J. Case*
WILLIAM J. CASE
Assistant Attorney General

13

14