Case: 3:21-cv-01421-JGC Doc #: 16 Filed: 02/14/22 1 of 6. PageID #: 261

FILED
FEB 14 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore W. Smith, III,      Case No. 3:21-CV-1421
    Plaintiff,

                          Judge Michael H. Watson
V.
                          Magistrate Judge Clay

Ohio Department of Rehabilitation      SUPPLEMENTAL COMPLAINT
and Corrections, et al.,               Persuant to Fed. R. Civ. P. 15(d)
    Defendant,

1.     INTRODUCTION

     Plaintiff, Theodore W. Smith, III, ("mr. Smith") an inmate at Toledo Correctional Institution ("TOCI"). On July 23, 2021 filed a complaint (DOC#1). The named Defendants in the complaint are Warden May, DWO Walters, US Jenkins, C.O. Reggers, C.O. Cutliz, LT. Rockenbaugh, LT. Weirich, medical supervisor Segur, LT. Ford, Sgt. Klavenger, C.O. Logan, C.O. Hilton, LPN A. Showman, LPN C. Klocineld, and ODRC Chief Inspector Doe. Id On December 29, 2021, Defense Counsel filed a motion for more Definite Statement (DOC#9) On January 2, 2022 mr. Smith filed objection and/or a motion to deny, what he believed was an attempt by defense counsel to delay/deny him justice, counsel's motion. January 5, 2022, the Court granted Defense motion. On January 18, 2022 mr. Smith filed Definite Statement (DOC#13) In each of his filings, mr. Smith brought complaint against the

above Defendants under 42 U.S.C. §1983 to redress the deprivations, under the color of law, of his rights secured by the First, Eighth, and Fourteenth Amendment Constitutional Rights (Doc#1 Page ID #3) and DOC#13 Page ID #209-210).

Between the months of March 14, 2020 and February 14, 2021 the named Defendants ("Defendants") retaliated against Mr. Smith for engaging in protected conduct and/or for his successful civil litigation against their fellow officer. The officer in question, who is not a party to this action, used excessive force against Mr. Smith without provocation and without documenting his use of Oleoresin Capsicum (OC) spray on Mr. Smith. The retaliation took the form of C.O. Peppers and C.O. Cutlip using inmate trustee's Jones and White, respectively, to commit assaults against Mr. Smith. The officers subsequently falsified their conduct reports and thereby had Mr. Smith falsely imprisoned in segregation. LT. Rockenbough and LT. Weirich, respectively, denied Mr. Smith access to the R.I.B hearing process. Warden May, Deputy Warden Walters, and Institution Inspector Jenkins, in violation of OAC 5120-9-31(I) denied Mr. Smith access to the three (3) step paper inmate complaint and notification of grievance process. During the height of the Covid-19 Pandemic, and while Mr. Smith was falsely imprisoned in segregation, medical supervisor Segur ignored Mr. Smith's requests for medical assistance. LT. Ford violated the bailment agreement when she failed to assist Mr. Smith recover over $700.00 worth of personal property lost/stolen while in the defendants custody. Sgt. Klavenger, without provocation, used excessive force against Mr. Smith observed C.O. Logan, without provocation, use excessive

2

force against Mr. Smith and subsequently falsifying his conduct report by alleging that no force was used against him. C.O. Hilton failed to write an incident report documenting the fact that he gave C.O. Logan his OC spray which C.O. Logan subsequently used on Mr. Smith. C.O. Logan falsified his conduct report by not reporting the fact that C.O. Hilton gave him his OC spray. Logan also failed to report the fact that, without any provocation, his sprayed Mr. Smith with C.O. Hilton's OC spray. LPN A. Showman, who never got closer than 10 feet to Mr. Smith, falsified her medical examination report by alleging Mr. Smith was not hurt by the discharge of OC spray directly into his eyes and face. LPN C. Klocineld, who admitted that Mr. Smith requested medical assistance due to burning eyes and pain, falsified her medical examination report when she failed to report that she did not provide Mr. Smith with any medical treatment. And the ODRC Chief Inspector failed to investigate and/or did attempt to supress Mr. Smith's two (2) emergency grievances (DOC #1 Page ID #3-15 and DOC #1 Page ID #17-29) in an attempt to deny Mr. Smith the ability to exhaust his institutional remedies and/or further petition.

  If these acts and deprivations were viewed, on an incident by incident basis, one could mistakenly see them as a series of unrelated events. However, if these same acts and deprivations are viewed in the context of the motive as set forth a pattern emerges. That reveals the acts and deprivations by these defendants was egregious. And the totality of these offenses constitutes a campaign of harassment that violated the First, Eighth, and Fourteenth Amendments to the United States Constitution.

11. SUPPLEMENTAL COMPLAINT

Febuary 1, 2022, Defense counsel filed motion to dismiss Mr. Smith's complaint (DOC#14). Febuary 8, 2022, Mr. Smith is forced into his cell and brutally beaten by two (2) inmates in his B1 north cell block unit. Whats more damning, the two inmates who perpetrated the assault were supposed to be properly secured in their individual cells (#14 and #24). Mr. Smith's range (lower) 1-23 had 9:00 am dayroom. The inmates who committed the assault were on the opposite range (lower) 2-24 and were not scheduled to be out of their cells for dayroom until 1:50 PM. The brutal attack and/or assault upon Mr. Smith could also be viewed as yet another unrelated event if it were not for the fact that, right after being brutally assaulted, Mr. Smith was given Defense counsel's motion to dismiss his complaint. When Mr. Smith was taken to the medical services unit he complained of pain/swelling in his head, neck, and back area. The nurse touched the back of Mr. Smith's neck and said "you can move it" and walked away. At 4:30 PM, Mr. Smith again requested medical attention, for the pain and swelling in his head, neck, and back areas, only to have his requests ignored. At approximately 4:00 am Mr. Smith, awake with pain, asked the third shift captain to call medical services. At approximately 4:35 am Mr. Smith receives a medical request form. And, Febuary 10, 2022, two days after being brutally assaulted, Mr. Smith is seen by a nurse at his cell and given medication for his pain. The brutal assault upon Mr. Smith, giving Mr. Smith Defense counsel's motion to dismiss his complaint, and then allowing Mr. Smith to suffer in pain for two (2) days before providing him with medical treatments all must be seen for

4

the tactic of intimidation that it is and/or a determined effort to cause Mr. Smith physical injury or worse.

Thus, Mr. Smith respectfully requests that his complaint be supplemented to include the two officers who worked the first shift at the B1 north cell block February 5, 2022, C.O. Doe 1 and C.O. Doe 2. Also to be included is the nurse, who failed to provide any treatment when Mr. Smith was first taken to the medical services area February 5, 2022, known only as LPN Doe.

Wherefore Plaintiff prays the court enter judgment against these supplemented Defendants granting Plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the constitution and laws of the United States;
2. Punitive Damages in the amount of 5 million dollars against each of supplemented defendants jointly and severally;
3. A jury trial on all issues triable by jury;
4. Plaintiff's costs in this suit;
5. Any additional relief this court deems just, proper, and equitable

Signed this 10 day of February 2022

I hereby declare under penalty of perjury that the foregoing is true and correct.

2/10/22
DATE

SIGNATURE OF PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Supplemental Complaint was sent by regular U.S. mail to William J. Case counsel for Defense at Corrections Litigation Unit, 30 E. Broad Street, 23rd Floor Columbus, Ohio 43215 on the same day of filing this 10th day of February, 2022.

Theodore W. Smith, III #588608
Plaintiff Pro Se