IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore W. Smith, III,  CASE NO. 3:21-CV-1421

    Plaintiff,

                                                              Judge James G. Carr

v.

Ohio Department of Rehabilitation
and Corrections, et al.

                                                              **ORDER**

    Defendants.

This is a *pro se* prisoner civil rights case arising under 42 U.S.C. § 1983. Plaintiff, Theodore Smith, asserts constitutional claims against defendants Warden May, Deputy Warden Walters, Institutional Inspector Jenkins, Corrections Officer (C.O.) Peppers, C.O. Cutlip, Lieutenant (Lt.) Rockenbough, Lt. Weirich, Medical Supervisor Segur, Lt. Ford, Sergeant Klavenger, C.O. Logon, C.O. Hilton, Licensed Practical Nurse (L.P.N.) A. Showman, L.P.N. C. Klocineld, and the Ohio Department of Rehabilitation and Corrections (ODRC) Chief Inspector Mohr.

Plaintiff asserts that Defendants collectively embarked on a "campaign of retaliation" in violation of his First Amendment rights after learning of his success in an unrelated arbitration proceeding. Further, Plaintiff contends he was subject to excessive force by various Defendants in violation of the Eighth Amendment. Finally, Plaintiff claims that he was denied due process of law under the Fourteenth Amendment because he was: 1) denied attendance at various Rule Infractions Board (R.I.B) hearings, 2) informed that he was required to use a new grievance process, and 3) did not have his emergency grievance letters addressed. Defendants deny violating any of Plaintiff's constitutional rights.

1

Pending before me are Plaintiff's Supplemented (*i.e.,* Amended) Complaint (Doc. 16), Defendants' Motion to Dismiss (Doc. 14), Plaintiff's Motion in Opposition (Doc. 15), and Defendants' Reply (Doc. 22). For the reasons below, I dismiss Plaintiff's Supplemented Complaint and grant Defendants' Motion to Dismiss.

**Background**

Plaintiff Theodore Smith, III. ("Plaintiff"), is an inmate at the Toledo Correctional Institution ("ToCI"). On March 12, 2020, Plaintiff's arbitration teleconference on an unrelated matter took place next to Defendant Klavenger's office. (Doc 1, PgID 34; Doc. 13, PgID 211; Doc. 14, PgID 229). Upon completion of the hearing, Plaintiff asserts he "realized, by the look on Sgt. Klavenger's face, that [Klavenger] had overheard most if not all of the arbitration process." *Id*. Additionally, Plaintiff claims that the look on Defendant Klavenger's face warned him that "the issue was not concluded." *Id*. Plaintiff contends that his favorable arbitration result prompted Defendants to engage in a series of retaliatory acts between March 16, 2020, and February 16, 2021.

On March 16, 2020, Plaintiff alleges that "his fears were realized" when another inmate, Jones, initiated a physical altercation with him over stolen property. *Id*. (Doc. 13, PgID 211-212; Doc. 14, PgID 230). Plaintiff states that Defendant Peppers falsified the documentation from this altercation to omit facts favorable to Plaintiff. *Id*. Plaintiff also states that he was not admitted to the R.I.B hearing to tell his account of how the events occurred. *Id.* Further, Plaintiff accounts that he was told that inmates were no longer permitted to use the three-step paper inmate grievance forms and instead, had to use a nine-step electronic form. (Doc. 13, PgID 212; Doc. 14, PgID 230). Plaintiff objected to this and requested a memorandum justifying the new procedure.

2

In October 2020, Plaintiff asserts that inmate White was also prompted to physically harm Plaintiff as part of the alleged retaliatory scheme. Plaintiff believes inmate White was involved in the conspiracy because he overheard Defendant Cutlip ask inmate White, "what are you going to do for me?" (Doc. 13, PgID 213). On October 9, 2020, Plaintiff contends that inmate White approached him and punched him in the face. (Doc. 13, PgID 213-214; Doc. 14, PgID 230). Plaintiff states that he received infractions afterwards, but inmate White did not. *Id*. Plaintiff however, admitted to punching inmate White and did not deny that he was guilty of a Rules Infraction himself. (Doc. 13, PgID 214; Doc. 14, PgID 230).

Plaintiff also asserts that sometime in October 2020, someone stole various Commissary items from his cell. This happened, he claims, because Defendant Cutlip intentionally left his cell open. *Id*. Plaintiff alleges that he could not submit any grievances regarding this incident because Defendants May, Walters, and Jenkins did not provide him with a copy of the ODRC Chief Inspector's memorandum explaining the new grievance process. *Id*. Plaintiff asserts that he was unable to use the electronic system because he had difficulty typing. Moreover, Plaintiff argues that Defendants Rockenbough and Weirich again denied him access to the related R.I.B. hearings. (Doc. 13, PgID 214).

Next, Plaintiff claims Defendant Segur deprived him of warm food and vitamins in violation of the Eighth Amendment, because Plaintiff had a heightened sensitivity to COVID-19. (Doc. 13, PgID 216-217; Doc. 14, PgID 230). Plaintiff states that his poor diet caused him to become weak and lightheaded. *Id*. Accordingly, Plaintiff submitted a kite form to Defendant Segur but was never seen or treated. *Id*.

However, Defendants state that Plaintiff does not provide the kite forms or state factual assertions capable of connecting these concerns to a deprivation of his Eighth Amendment rights. (Doc. 14, PgID 230).

Plaintiff then recounts two incidents where Defendants used excessive force. Upon his release from confinement for fighting over stolen property, Plaintiff approached Defendant Klavenger to ask for help with retrieving his property. (Doc. 13, PgID 219). Plaintiff states that Defendant Klavenger looked "anxious for his arrival" and that when Plaintiff asked again about his missing property, Defendant Klavenger became "unhinged." *Id*. Plaintiff states that Defendant Klavenger handcuffed him, "savagely" grabbed his bicep, and marched Plaintiff to another location while shouting that Plaintiff was a "check-in."

Plaintiff asserts that Defendant Klavenger's actions were meant to "cause Mr. Smith to react violently, thus, justifying any subsequent use of force." *Id*. Additionally, while being marched by Defendant Klavenger into the "strip cage", Plaintiff alleges that Defendant Hilton attempted to trip him while other officers were "yelling threats and calling Mr. Smith names." *Id*. Plaintiff states that once the cell doors were closed, Defendant Logon sprayed pepper spray in his face. (*Id*.; Doc. 14, PgID 230).

In contrast, Defendants assert the pepper spray was used in response to Plaintiff kicking officer Logon and after Plaintiff was preparing to spit on an officer. (Doc 14, PgID 230). Plaintiff denies doing both. (Doc. 13, PgID 221). Plaintiff again alleges that the involved officers falsified their reports and violated his Eighth Amendment Constitutional Rights. Defendants assert that there are no facts to support Plaintiff's claims for excessive force. *Id*.

Finally, Plaintiff alleges that Defendant Showman, the nurse who saw him after his pepper spray incident, falsified her medical report by failing to get closer than ten feet in order to

4

examine or treat his injuries. (Doc. 13, PgID 222). Plaintiff again contents that this violated his Eighth Amendment Constitutional Rights. *Id*.

Later that day, Plaintiff asserts that Defendant Klocineld filed a medical examination report regarding the same incident. (Doc. 13. PgID 222-223). She admitted that Plaintiff was sprayed with pepper spray but reported no injuries. *Id*. She further wrote that he refused to have vital signs taken. *Id*. Plaintiff argues that this report was falsified. Defendants assert that Plaintiff provides no legal basis for his argument, nor the medical report in support of his statements. (Doc. 14, PgID 231).

Finally, Plaintiff states that he filed two emergency grievance letters to Defendant Mohr on December 1, 2020, and December 8, 2020, but never received a response. (Doc. 13. PgID 223). Plaintiff claims that the lack of response was a violation of his Fourteenth Amendment right to due process of law.

**Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss permits a defendant to test the legal sufficiency of a complaint without subjecting the parties to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). Courts must analyze a complaint and its factual allegations in the light most favorable to the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007).

To prevail on a motion to dismiss, a complaint must facially present plaintiff's entitlement to relief. Complaints require more than "labels, conclusions, and formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Thus, claims set forth in a complaint must be plausible on their

face rather than merely conceivable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A 12(b)(6) motion is subject to dismissal only if it is clear that the plaintiff is unable to prove any facts in support of the claims entitling him or her to relief. *Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)). Accordingly, my task is to determine whether Plaintiff will prevail on his claims, not whether he is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

**Discussion**

The basic issues to be resolved are: 1) whether the Defendants retaliated against the Plaintiff under the First Amendment, 2) whether Plaintiff was subject to excessive force under the Eighth Amendment and, 3) whether Plaintiff was denied due process under the Fourteenth Amendment.

As a preliminary matter, Plaintiff's Supplemented Complaint (Doc. 16) adding three defendants is denied. Plaintiff must seek leave to amend his complaint from the court before supplementing a complaint. Fed. R. Civ. P. 15. Additionally, Defendant Ford is dismissed as Plaintiff does not assert constitutional violations against him.

Plaintiff brings this action under 42 U.S.C. § 1983, which allows him to recover if government officials have violated his civil rights. Qualified immunity protects government officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

6

The law that authorizes suits under qualified immunity is well established and involves a two-prong test. The court must determine: 1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and 2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson*, *supra*, 555 U.S. at 232 (citations omitted). If either part of this test fails, there is no constitutional violation, and the defendants are entitled to qualified immunity. *Haley v. Elsmere Police Dep't*, 452 F. App'x 623, 626 (6th Cir. 2011). However, if both parts of this test are met, there is a constitutional violation and qualified immunity may not apply to the defendants. *Id.*

### 1. First Amendment: Retaliation

Plaintiff's complaint raises a First Amendment retaliation claim against all named Defendants for their alleged conspiracy against him. (Doc. 13, PgID 211). For the reasons described below, I dismiss these claims in favor of the Defendants.

To prevail on a First Amendment retaliation claim, "a plaintiff must show that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Hazel v. Quinn*, 933 F. Supp. 2d 884, 888 (E.D. Mich. 2013) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff argues that Defendants retaliated against him because of his successful litigation. He believes that this protected speech was the sole basis for the excessive force used against him and the denial of his access to ToCI grievance processes. (Doc. 13, PgID 211).

First, I find that Plaintiff's arbitration hearing satisfies the protected speech prong of the First Amendment. The right to "petition the Government for redress of grievances" is protected

7

under the First Amendment. U.S. Const. amend. I.; *See Nicholson v. City of Westlake*, 76 Fed. Appx. 626, 628 (6th Cir. 2003). However, I do not find that Plaintiff suffered an adverse action that would deter a person of ordinary firmness from engaging in the conduct. *Hazel, supra*, 933 F.2d at 888. Plaintiff's claimed injuries amounted to pepper spray in his eyes and lightheadedness from cold food. *De minimis* injuries are unlikely to be a deterrent for others. *Id.*

Finally, because Plaintiff is unable to establish the first two prongs of his perceived First Amendment retaliation claim, he will similarly be unable to establish a causal connection between them. Plaintiff's assumption that Defendant Klavenger's facial expression alone showed an intent to retaliate was *speculative*. Moreover, Plaintiff presents mere conclusory statements in an attempt to show that Defendant Klavenger recruited the other defendants to engage in a retaliation conspiracy.

Under *Iqbal*, speculative assertions are inadequate to state a claim for relief. *Iqbal*, *supra*, 556 U.S. 662. Thus, Plaintiff has failed to plead facts sufficient to support his claim that Defendant Klavenger intended to retaliate, much less to cause other Defendants to do so. Thus, I dismiss Plaintiff's First Amendment retaliation claim.

### 2. Eighth Amendment: Excessive Force

The Eighth Amendment's bar on cruel and unusual punishment protects prison inmates from the use of excessive force. *See Whitley v. Albers*, 475 U.S. 312 (1986). To prevail on an Eighth Amendment claim, inmates "must satisfy both an objective and subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993)).

The subjective component of an Eighth Amendment claim centers around the prison official's state of mind. *Curtin*, 631 F.3d at 383. Thus, this component requires the court to

8

consider "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Curtin*, 631 F.3d at 383 (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). Accordingly, "every malevolent touch by a prison guard [does not] give[] rise to a federal cause of action." *Hudson, supra*, 503 U.S. at 9-10.

Therefore, a prisoner will succeed on an Eighth Amendment claim if he establishes: 1) the prison official had a willful and wanton state of mind, and 2) the prison official used excessive force against him resulting in substantial injuries.

### A. The Subjective Component: Intentional Harm

Under the Eighth Amendment, an officer may use force against a prisoner in good faith to restore order. *Curtin*, *supra*, 631 F.3d at 383 (*citing Hudson*, 503 U.S. at 9-10). However, he may not do so with the sole purpose of causing harm. *Id*. Even so, "[n]ot every push or shove, even if it may later seem unnecessary . . . violates a prisoner's constitutional rights." *Pelfrey v. Chambers*, 43 F.3d 1034, 1039 (6th Cir. 1995) (internal quotation marks and citations omitted).

I find that Plaintiff has not met his burden of proving the subjective component of the Eighth Amendment. Plaintiff fails to establish that Defendants Klavenger, Logon, Hilton, Showman, and Klocineld used force with the sole purpose of causing harm.

First, Plaintiff claims that Defendant Klavenger used force on his bicep with a "savage grip" to lead him through ToCI. (Doc. 13, PgID 219). Plaintiff also states that while Defendant Klavenger led him through the building, Defendant Logon sprayed him in the face with pepper spray. *Id*. However, Defendants stated that the spray was used to subdue Plaintiff after he kicked

9

Defendant Logon. *Id.* The parties disagree on whether Plaintiff actually kicked Logon, Regardless, the Plaintiff's refusal to follow commands reasonably, caused the Defendants to believe that he was harmful to himself and others. Plaintiff therefore initiated the altercation that ultimately led to the force used against him.

As Plaintiff's actions escalated, pepper spray was used to subdue his behavior. During this entire process, Plaintiff reported no actual injuries resulting from the force used against him other than pepper spray in his eyes. It is clear that the Defendants were responding to an outburst by the Plaintiff rather than using force for the sole purpose of causing him harm.

Additionally, Plaintiff's claims against Defendants Showman and Klocineld are not actionable because he presents insufficient facts to establish deliberate indifference to Plaintiff's known medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).

Therefore, I find that the Plaintiff failed to meet the subjective component of his Eighth Amendment claims.

### B.  The Objective Component: Sufficiently Serious Harm

The Supreme Court has held that to prevail on an Eighth Amendment claim, prisoners must show that the excessive force used against them resulted in "sufficiently serious" harm. *Curtin*, *supra*, 631 F.3d at 383 (citing *Moore,* 2 F.3d at 700). Though the objective standard is relatively flexible, prisoners cannot bring claims for *de minimis,* or insignificant, injuries.

The Prison Litigation Reform Act, 42 U.S.C. § 1997(e), limits the injuries in which a prisoner can recover. For example, under the Act, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" *See Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002) (plaintiff failing to establish a physical injury was unable to recover). Thus, force resulting in

10

"swelling, pain, and cramps" are *de minimis* injuries and are not actionable. *Jarriett v. Wilson*, 414 F.3d 634, 162 F. App'x 394, 401 (6th Cir. 2005).

Defendants argue that Plaintiff's injury is not "sufficiently serious" under the Eighth Amendment's objective standard. I agree.

The medical records Plaintiff attached as exhibits indicate that Plaintiff did not require substantial medical attention. He himself only states that his bicep was grabbed forcefully and that he had pepper spray in his eyes. The only injuries that could occur from such incidents would be bruising of the arm and transient eye irritation, both of which are *de minimis*. Additionally, Plaintiff's injuries did not require additional care in the following days.

Thus, I find that the Plaintiff fails to meet his burden of showing both the subjective and objective prongs of the Eighth Amendment. Plaintiff did not establish that the Defendants had a culpable mental state or that he sustained sufficiently serious injuries. Accordingly, I dismiss Plaintiff's excessive force claims as Plaintiff failed to plead facts that are plausible on their face.

### 3. Fourteenth Amendment: Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). To establish a due process violation, a plaintiff must show that one of his liberty interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005).

Prison discipline only violates a constitutionally protected liberty interest when the discipline rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 132 L. Ed. 2d 484 (1995)). Further, the Sixth Circuit has held that there is no constitutionally protected

due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002).

Plaintiff asserts that Defendants deprived him of his liberty interests when they denied his request to attend R.I.B. hearings, denied his request to submit a three-step paper grievance, and failed to respond to his emergency grievances. However, "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (quotations omitted). The Due Process Clause does not protect every procedural aspect of a prisoner's life. *See id.*

Plaintiff has not identified a constitutionally protected liberty interest that amounts to an atypical or unusual hardship. A lack of response by Defendant Mohr does not show deliberate indifference to Plaintiff's welfare. In addition, Plaintiff has not pleaded sufficient factual allegations showing that the new nine-step grievance procedure would not provide adequate due process. There is no binding higher authority that denial of a copy of a regulation change violates the Constitution. Regardless, prisoners cannot pick and choose grievance procedures at their convenience.

Thus, because I find that Plaintiff failed to sufficiently plead facts that show he suffered a deprivation of a liberty interest, I dismiss Plaintiff's Fourteenth Amendment claims.

### 4. Damages

In this case, the money damages are not available against the Defendant officials in their individual capacities under 42 U.S.C. § 1983 as each Defendant has qualified immunity in their individual capacities. As established above, Plaintiff failed to show a violation of his Constitutional rights.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff, not having sought leave to file a supplemental complaint (Doc. 16), said complaint is dismissed.

2. Defendants' motion to dismiss (Doc. 14) be, and the same hereby is granted.

So ordered.

<u>James G. Carr</u>

Sr. U.S. District Judge
